2001 ND 208

**Mark DIMOND, Plaintiff and Appellant,**

v.

**STATE of North Dakota, by and through the STATE BOARD OF HIGHER EDUCATION, Defendant and Appellee.**

**Nos. 20010154, 20010155.**

Supreme Court of North Dakota.

Dec. 24, 2001.

Rehearing Denied Jan. 18, 2002.

694

Lynn M. Boughey, Boughey Law Firm, Minot, for plaintiff and appellant.

Monte L. Rogneby (argued), and John C. Kapsner, Vogel Law Firm, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Dr. Mark Dimond appealed a summary judgment dismissing his breach of contract action against the State of North Dakota, by and through the State Board of Higher Education ("Board"). We conclude Dimond's action against the Board is barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1, and we affirm.

I

[¶ 2] Dimond was a tenured music professor at Minot State University, a public university under the Board's control. In May 1994, Dr. Joseph Hegstad, Chair of the Music Division at the university, advised Dimond that Hegstad intended to recommend Dimond's dismissal for cause to the university president, Dr. Eric Shaar. In May 1994, Shaar notified Dimond of his dismissal for adequate cause under the Board's personnel policies. Shaar informed Dimond the cause for dismissal was demonstrated incompetence in teaching, substantial and manifest neglect of duty, and personal conduct which substantially impaired Dimond's fullfillment of institutional responsibilities. Dimond exhausted the procedures for internal administrative review of his dismissal, and in May 1996, the Board adopted an adminis-

trative law judge's recommendation to uphold the dismissal.

[¶ 3] In August 1997, Dimond commenced a breach of contract and tort action against the Board. The trial court denied the Board's motion to dismiss. In *Dimond v. State ex rel. State Bd. of Higher Educ.*, 1999 ND 228, ¶¶ 18, 20–23, 603 N.W.2d 66, we exercised our supervisory jurisdiction and held (1) the trial court lacked subject matter jurisdiction to hear Dimond's breach of contract claim because he failed to first present it to the Board as required by N.D.C.C. § 32–12–03, and (2) Dimond's tort claim was barred either by sovereign immunity or by his failure to present it to the office of management and budget within one hundred and eighty days after the alleged injury as required by N.D.C.C. § 32–12.2–04. We directed the trial court to dismiss Dimond's breach of contract claim without prejudice and his tort claim with prejudice. *Dimond*, at ¶ 26.

[¶ 4] In May 2000, after Dimond presented his contract claim to the Board as required by N.D.C.C. § 32–12–03, he initiated this breach of contract action against the Board. The Board moved for summary judgment, claiming Dimond's action was barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1, and sufficient undisputed facts established, as a matter of law, the Board terminated Dimond for adequate cause. Dimond resisted the Board's motion, arguing the six-year statute of limitations for contract claims in N.D.C.C. § 28–01–16 applied to his action and there were disputed issues of material fact about whether he was terminated for adequate cause. The parties agreed to consolidate this action with the prior action for purposes of the summary judgment motion to allow the parties to use the testimony at the administrative hearing in lieu of affidavits. The trial

court granted the Board summary judgment, concluding (1) Dimond's action was barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1, and, (2) reasonable minds could reach only one conclusion from the undisputed facts-Dimond was both insubordinate and lacking in his institutional responsibilities, and as a matter of law, there was adequate cause for his dismissal.

[¶ 5] Dimond moved for reconsideration, arguing his May 2000 complaint was a supplemental pleading that related back to his August 1997 complaint for purposes of the statute of limitations. Dimond also moved to amend his August 1997 complaint. The court denied Dimond's motions to reconsider and to amend his August 1997 complaint.

## II

[¶ 6] We review Dimond's appeal in the posture of summary judgment under N.D.R.Civ.P. 56, which

> is a method for promptly and expeditiously disposing of a controversy without trial if either party is entitled to a judgment as a matter of law and if no dispute exists as to either the material facts, or the inferences to be drawn from undisputed facts, or if resolving factual issues would not alter the results. A district court deciding a motion for summary judgment is required to view the evidence in the light most favorable to the resisting party. Although the party seeking summary judgment bears the initial burden of showing there is no genuine issue of material fact, the party opposing the motion may not simply rely upon the pleadings or unsupported allegations. Rather, the resisting party must present competent admissible evidence by affidavit or other comparable means raising an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact. Whether the district court properly granted summary judgment is a question of law subject to de novo review.

*Rogstad v. Dakota Gasification Co.*, 2001 ND 54, ¶ 10, 623 N.W.2d 382 (citations omitted).

## III

[¶ 7] Dimond argues the trial court erred in deciding his breach of contract action was barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1, which provides:

> When not otherwise specifically provided by law, an action against the state or its employees and officials acting within the scope of their employment or office must be commenced within three years after the claim for relief has accrued. For purposes of this section, the claim for relief is deemed to have accrued at the time it is discovered or might have been discovered in the exercise of reasonable diligence. This may not be construed as a waiver of immunity.

Dimond argues N.D.C.C. § 28–01–22.1 does not apply to his breach of contract action, and the applicable statute of limitations for his claim is six years under N.D.C.C. § 28–01–16.[1] Relying on *Burr v.*

---

1. Section 28–01–16, N.D.C.C., provides, in part

The following actions must be commenced within six years after the claim for relief has accrued:

1. An action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28–01–15 and 41–02–104.

*Kulas,* 1997 ND 98, 564 N.W.2d 631, Dimond argues the "[w]hen not otherwise specifically provided by law" language in N.D.C.C. § 28-01-22.1 means that statute does not apply if another statute provides a statute of limitations for the action, and N.D.C.C. § 28-01-16(1) provides a six-year statute of limitations for an action upon a contract. He argues if there is a question about which statute of limitations applies, the longer time generally applies.

[¶ 8] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Matter of Estate of Zimmerman,* 2001 ND 155, ¶ 14, 633 N.W.2d 594. The primary purpose of statutory construction, including the interpretation of statutes of limitation, is to ascertain legislative intent. *See O'Fallon v. Pollard,* 427 N.W.2d 809, 811 (N.D.1988). Whenever fairly possible, we construe statutes relating to the same subject matter to give effect to both. *Id.* In construing statutes of limitation, we have often relied on the canon of construction that a specific statutory provision controls a more general provision. *See Olson v. University of North Dakota,* 488 N.W.2d 386, 390 (N.D. 1992); *O'Fallon,* at 811.

[¶ 9] In *Burr,* 1997 ND 98, ¶ 12, 564 N.W.2d 631 (*Burr II* ), we held the seven-year statute of limitations in N.D.C.C. § 12.1-06.1-05(7), rather than the three-year statute of limitations in N.D.C.C. § 28-01-22.1, applied to a plaintiff's action under North Dakota's Racketeer Influenced and Corrupt Organizations Act against state employees acting in their personal capacities. In *Burr v. Kulas,* 532 N.W.2d 388, 394 (N.D.1995) (*Burr I* ), an earlier appeal in the same case, we had held the plaintiff's claims against the State and the named individuals, in their official capacities, were barred by the doctrine of sovereign immunity. We remanded the plaintiff's claims against the named defen-

dants, in their personal capacities, for further proceedings. *Id.* On remand, the trial court concluded the plaintiff's claims against the named defendants, in their personal capacities, were barred by the three-year statute of limitations in N.D.C.C. § 28-01-22.1. *Burr II,* at ¶ 7. In *Burr II,* at ¶ 10, we said the only claims remaining after *Burr I* were claims against the named defendants acting in their personal capacities and not within the scope of their employment. Because the plaintiff alleged the defendants were acting outside the scope of their employment and N.D.C.C. § 28-01-22.1 applies only to state employees "acting within the scope of their employment," we concluded the three-year statute of limitations in N.D.C.C. § 28-01-22.1 did not apply to the plaintiff's claim against the defendants in their personal capacities. *Burr II,* at ¶¶ 10-12.

[¶ 10] In *O'Fallon,* 427 N.W.2d at 810-11, we considered whether a two-year statute of limitations for assault, battery, and false imprisonment actions, or a three-year statute of limitations for actions against political subdivisions applied to an assault, battery, and false imprisonment action against officers of a political subdivision. We concluded:

> It would stand the legislative intent on its head to conclude that the enactment of the three-year statute of limitation under Section 32-12.1-10, N.D.C.C., was intended to extend the time in which actions could be brought against a political subdivision although a shorter statute of limitation applied to other defendants. Section 32-12.1-10, N.D.C.C., specifies the maximum time in which an action may be brought against a political subdivision. It does not apply where a more restrictive statute of limitation is applicable.

Thus, we conclude, as did the trial court, that the two-year statute of limitation, under Section 28–01–18(1), N.D.C.C., which specifically applies to assault and false-imprisonment actions, constitutes the applicable statute of limitation in this case. That specific two-year statute-of-limitation provision, which falls within the three-year parameter for bringing actions against political subdivisions or sheriffs and constables under Section 32–12.1–10, N.D.C.C., and Section 28–01–17(1), N.D.C.C., respectively, must prevail.

*O'Fallon*, at 811.

[¶ 11] In *Olson*, 488 N.W.2d at 387, a personal injury claimant sued the University of North Dakota, arguing the general six-year statute of limitations in N.D.C.C. § 28–01–16 applied to her negligence action. We concluded the plaintiff's action was governed by the specific three-year statute of limitations for actions against political subdivisions in N.D.C.C. § 32–12.1–10, because the obvious purpose of N.D.C.C. ch. 32–12.1 was to limit political subdivisions exposure to potential liability and a reduced three-year limitation period furthered that purpose. *Olson*, at 390–91.

■ [¶ 12] Our decisions in *Olson*, *O'Fallon*, *Burr I*, and *Burr II* stand for the proposition that breach of contract actions against the State are governed by the specific three-year statute of limitations for actions against the State in N.D.C.C. § 28–01–22.1, rather than the general six-year period for an action upon a contract in N.D.C.C. § 28–01–16(1). When N.D.C.C. § 28–01–22.1 and N.D.C.C. § 28–01–16(1) are construed together to give meaning to each, we construe the specific language of N.D.C.C.

§ 28–01–22.1 for actions against the State, rather than the general language of N.D.C.C. § 28–01–16(1) for actions upon a contract, to apply to contract actions against the State and to require those actions to be commenced within three years after the claim for relief accrued.

[¶ 13] Here, Dimond commenced this breach of contract action against the Board in May 2000. Assuming Dimond's cause of action accrued at the latest possible date, in May 1996 when the Board adopted the administrative law judge's recommendation to uphold his dismissal,[2] his May 2000 action was not commenced within the three-year statute of limitations in N.D.C.C. § 28–01–22.1. Dimond nevertheless suggests several arguments to support his claim the May 2000 action is timely under N.D.C.C. § 28–01–22.1.

■ [¶ 14] Dimond first argues his May 2000 complaint relates back to his August 1997 complaint because the May 2000 complaint is properly considered a supplemental pleading under N.D.R.Civ.P. 15(d).

■ [¶ 15] Under N.D.R.Civ.P. 15(d), the court, upon motion of a party, may permit the party to serve a supplemental pleading setting forth events that have happened since the date of the pleading sought to be supplemented. *See* 3 James W. Moore, et al., *Moore's Federal Practice* ¶ 15.30 (3rd Ed.2001); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* Civil 2nd § 1504 (1990). A supplemental pleading is considered an addition to or continuation of the earlier pleading and requires leave of the court. *See* 3 *Moore's*

2. Because we conclude Dimond's action is barred by the three-year statute of limitations even if it accrued at the latest possible date after he exhausted his administrative reme-

dies in May 1996, we need not address his argument that the statute of limitations did not begin to run until he exhausted his administrative remedies.

*Federal Practice* at ¶ 15.30; 6A Wright, Miller & Kane, at § 1504.

■ [¶ 16] Rule 15, N.D.R.Civ.P., is adopted from Fed.R.Civ.P. 15, and interpretations of the corresponding federal rule by federal courts are highly persuasive in interpreting our rule. *Wayne–Juntunen Fertilizer Co. v. Lassonde*, 456 N.W.2d 519, 525 (N.D.1990). Under Fed. R.Civ.P. 15(d), federal courts have held that defects in a plaintiff's case, even jurisdictional defects, can be cured while the case is pending if the plaintiff obtains leave to file a supplemental pleading reciting post-filing events that have remedied the defect. *See Mathews v. Diaz*, 426 U.S. 67, 75, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976); *Black v. Secretary of Health and Human Servs.*, 93 F.3d 781, 790 (Fed.Cir.1996).

[¶ 17] Here, Dimond's first action was dismissed without prejudice because he failed to comply with the jurisdictional requirement for bringing a breach of contract action against the State. *See Dimond*, 1999 ND 228, ¶ 20, 603 N.W.2d 66. Dimond then satisfied that jurisdictional requirement, and he brought this second action against the Board. In response to the Board's motion for summary judgment, Dimond argued the six-year statute of limitations in N.D.C.C. § 28–01–16(1) applied to his breach of contract action against the Board, and he did not argue his second complaint was a supplemental pleading. Dimond first suggested his second complaint could be considered a supplemental pleading in his motion for reconsideration of the trial court's determination that his action was barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1. When Dimond made that suggestion in his motion for reconsideration, his August 1997 action was not pending so as to support a motion to file a supplemental pleading, and he did not move to file a supplemental pleading. Un-

der these circumstances, we conclude the trial court did not abuse its discretion in rejecting Dimond's belated suggestion to consider his May 2000 complaint a supplemental pleading under N.D.R.Civ.P. 15(d). *See Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 12, 609 N.W.2d 90 (concluding trial court did not abuse discretion in denying motion for reconsideration of summary judgment in which party made untimely submission of additional evidence to support claim action not barred by statute of limitations).

■ [¶ 18] Dimond argues his May 2000 complaint is not barred by N.D.C.C. § 28–01–22.1, because the parties agreed to consolidate the May 2000 action with the August 1997 action. The record reflects, however, the parties agreed to consolidate the two actions only for the purpose of using the administrative record filed in the first action in lieu of affidavits in the motion for summary judgment in the second action. We agree with the trial court's conclusion that the parties' agreement to consolidate the two actions for this limited purpose did not revive Dimond's August 1997 complaint for purposes of the statute of limitations.

■ [¶ 19] Dimond argues the time from when the original complaint was filed until this Court's decision in *Dimond*, 1999 ND 228, 603 N.W.2d 66, should not be included in the running of the statute of limitations. Dimond claims "when an original Complaint is filed in a timely matter, and then is subsequently dismissed without prejudice almost two and one-half years later by the North Dakota Supreme Court, that time should not be included in the running of the statute of limitations." Dimond also argues the time for commencing this action is extended under N.D.C.C. § 28–01–28, which provides "[i]f an action is commenced within the time prescribed therefor and the judgment therein is reversed on appeal, the plaintiff ... may

commence a new action within one year after the reversal." Dimond did not raise these issues in the trial court in response to the Board's motion for summary judgment or in his motion for reconsideration, and he is precluded from raising these assertions for the first time on appeal. *See Robert v. Aircraft Inv. Co. Inc.*, 1998 ND 62, ¶ 14, 575 N.W.2d 672.

[¶ 20] We conclude Dimond's action is barred by the three-year statute of limitations in N.D.C.C. § 28–01–22.1,[3] and we affirm the summary judgment.

[¶ 21] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and WILLIAM F. HODNY, S.J., concur.

[¶ 22] The Honorable WILLIAM F. HODNY, S.J., sitting in place of KAPSNER, J., disqualified.

---

**3.** Because we conclude Dimond's action is barred by the statute of limitations, we need not address his argument that the trial court erred in deciding, as a matter of law, there was adequate cause for his dismissal.