# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 114

Robin E. Ayling, individually and as parent of
Blake Christopher Ayling, deceased,                    Plaintiff and Appellant

v.

Mary Ann Sens, M.D., Ph.D., individually, as
Grand Forks County Coroner (public official);
as North Dakota State Forensic Examiner
Pathologist Designee (public official); and as
Co-Director of the University of North Dakota
School of Medicine and Health Sciences
Forensic Pathology Practice Facility,                   Defendant and Appellee

and

University of North Dakota, a public University
of the North Dakota University System, Dr.
Mark Koponen, individually and as Co-Director
of the University of North Dakota School of
Medicine and Health Sciences Forensic
Pathology Practice Facility, and Dr. Joshua
Wynn individually and in his official capacity as
Dean of the University of North Dakota School
of Medicine and Health Sciences including the
Forensic Pathology Practice Facility,                   Defendants and Appellees

and

Grand Forks County, as a political subdivision
and its States Attorney David Jones in his official
capacity and individually, and its Commissioners
in their official capacity as a Board and
individually, specifically Gary Malm, David Engen,
Tom Falck, Diane Knauf, and Cynthia Pic,                Defendants and Appellees

and

Dr. William Massella, individually and in his
official capacity as North Dakota State Forensic
Examiner,                                                    Defendant and Appellee

---

No. 20180231

---

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Robin E. Ayling, self-represented, Champlin, Minnesota, plaintiff and appellant.

Matt A. Paulson (argued) and Randall S. Hanson (on brief), Special Assistant Attorneys General, Grand Forks, North Dakota, for defendants and appellees Mary Ann Sens, M.D., Ph.D., Dr. Mark Koponen, Dr. Joshua Wynn, and Dr. William Massella.

Joseph E. Quinn (argued) and Daniel L. Gaustad (on brief), Grand Forks, North Dakota, for defendants and appellees Grand Forks County, State's Attorney David Jones, and County Commissioners Gary Malm, David Engen, Tom Falck, Diane Knauf, and Cynthia Pic.

**Tufte, Justice.**

[¶1]    Robin Ayling appeals from a judgment dismissing her claims against Mary Ann Sens, M.D., UND School of Medicine employees, and the Grand Forks County State's Attorney and Board of Commissioners relating to her son's death. Ayling also appeals from an order denying her motion to reconsider. The district court concluded Ayling's claims against the Defendants were untimely. We affirm.

I

[¶2]    Ayling's son, Blake Ayling, was a student at UND. He was last seen alive at an on-campus party at approximately 1:30 a.m. on March 24, 2012. He was found dead in the rail yard south of UND's campus at approximately 6:30 a.m. to 7:00 a.m. on March 24, 2012. Dr. Sens performed the autopsy on the same day. She determined Blake Ayling was intoxicated, he had a 0.278 blood-alcohol concentration at the time of death, he died from blood loss, and his death was accidental.

[¶3]    After learning of the autopsy results, Ayling questioned the blood-alcohol concentration because Blake Ayling reportedly did not show signs of intoxication at the party or before the party. Ayling met with Dr. Sens in April 2013, and Sens explained the autopsy report and defended her conclusions.

[¶4]    On December 27, 2013, Ayling spoke with a forensic toxicologist who questioned Dr. Sens' methods in performing the autopsy. The toxicologist believed Blake Ayling's urine and vitreous humor should have been tested for alcohol to corroborate the blood test.

[¶5]    Ayling sued Dr. Sens, UND School of Medicine employees, and Grand Forks County employees in February 2017, alleging Sens failed to competently perform a medical autopsy as a part of the investigation of Blake Ayling's death. Ayling alleged the other Defendants failed to properly supervise Dr. Sens. After serving and filing

her complaint, Ayling requested numerous documents from the Defendants through discovery. The Defendants moved to quash or stay the discovery, arguing that dispositive motions would be filed. The district court stayed discovery, recognizing "that judicial economy will be best served by staying all discovery pending the outcome of the Defendants' dispositive Motions."

[¶6] The Defendants brought motions to dismiss and for summary judgment, requesting dismissal of Ayling's complaint under several legal theories, including failure to bring her lawsuit within the three-year statute of limitations. In January 2018 the district court issued an order granting the Defendants' motions for summary judgment because Ayling sued more than three years after she discovered she had a possible claim against the Defendants. The court concluded Ayling discovered she had a possible claim no later than December 2013 when she spoke with the toxicologist who indicated Dr. Sens' autopsy of Blake Ayling may have been below the standard of care. The court entered a judgment dismissing Ayling's complaint.

[¶7] Following entry of the judgment, Ayling filed a "motion to reconsider and/or vacate pursuant to N.D.R.Civ.P. 59(j) and Rule 60(b)" relating to the district court's January 2018 order granting the Defendants' motions for summary judgment. The district court denied the motion.

II

[¶8] Ayling argues the district court erred in granting the Defendants' motions for summary judgment dismissing her complaint.

[¶9] "An action barred by a statute of limitations generally is dismissed under the summary judgment standards of N.D.R.Civ.P. 56." *Estate of Nelson*, 2015 ND 122, ¶ 6, 863 N.W.2d 521 (citing *Riemers v. Omdahl*, 2004 ND 188, 687 N.W.2d 445; *Dimond v. State Bd. of Higher Ed.*, 2001 ND 208, 637 N.W.2d 692). Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from the facts, or if the only issues to be resolved are questions of law. *Sorenson v. Bakken Invs., LLC*, 2017 ND 127, ¶ 6, 895 N.W.2d

302. In deciding whether the district court properly granted summary judgment, we view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences that can reasonably be drawn from the record. *Id.* Summary judgment is a question of law which we review de novo on the entire record. *Id.*

[¶10] The district court concluded three statutes of limitation governed Ayling's claims against Sens and the other Defendants. *See* N.D.C.C. § 28-01-17(1) (three-year statute of limitations for actions against coroners acting in their official capacity); N.D.C.C. § 28-01-22.1 (three-year statute of limitations for actions against state employees acting within the scope of their employment); N.D.C.C. § 32-12.1-10 (three-year statute of limitations for actions against political subdivisions and their employees). The court concluded Ayling failed to bring her claims against Sens and the other Defendants within three years of discovering she may have a claim.

[¶11] Ayling argues the district court erred in concluding her claims arose no later than December 2013 when she consulted with a forensic toxicologist.

> Determining when a cause of action accrues is normally a question of fact, but it becomes a question of law when the material facts are undisputed. The statute of limitations generally begins to run from the commission of the wrongful act giving rise to the cause of action, unless an exception applies. The discovery rule is one exception, and under the discovery rule the accrual of a claim is postponed until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury. We have said, after acquiring knowledge of facts sufficient to put a person of ordinary intelligence on inquiry, a party has a responsibility to promptly find out what legal rights result from those facts, and failure to do so will be construed against the party. The discovery rule does not require full knowledge of the extent of an injury; rather, it only requires the party be aware of an injury.

*Frith v. The Park Dist. of the City of Fargo*, 2016 ND 213, ¶ 11, 886 N.W.2d 836 (citations and quotations omitted).

[¶12] Ayling sued the Defendants in February 2017. The district court discussed Ayling's knowledge of facts related to her son's autopsy:

3

In this case, the underlying event was the medical autopsy of Blake, occurring March 24, 2012. Plaintiff was made aware of the autopsy result on June 28, 2012. By December of 2013, she had hired an independent toxicologist in order to review Dr. [Sens'] autopsy. By this time, she had discovered, according to the allegations of her Complaint, various actions done or not done by Dr. Sens that raised questions: "[Ayling] had many questions about the coroner file documents and sent a letter to Dr. Sens dated March 24, 2013." (See Complaint, ¶ 32). Ayling "drafted a confirming letter to Dr. Sens dated April 24, 2013 based on the notes she took . . . also had a few more questions as 2 hrs. was not enough . . . ." (See Complaint, ¶ 34). Then Ayling investigated the Pi Kappa Alpha fraternity as to the fraternity's culpability. (See Complaint, ¶ 36). Ayling attempted to discern raw toxicology data, and when she could not, she hired an independent toxicologist to do so, speaking with the expert by telephone on December 27, 2013. (See Complaint, ¶ 39).

These were facts that would put a reasonable person on notice of a potential claim. There is no dispute of material fact precluding summary judgment here, as there is only one reasonable interpretation: any plaintiff in Ayling's position had sufficient facts to be put on notice of a claim by December [27,] 2013 because of the multitude and variety of facts Ayling relies on in her Complaint she discovered as part of her investigation.

[¶13] The record establishes Ayling began questioning the autopsy report after she became aware of it in June 2012. She sent letters and emails to Dr. Sens about her performance of the autopsy. She met with Dr. Sens in April 2013 to discuss the autopsy. After speaking with the independent toxicologist on December 27, 2013, Ayling was aware of facts sufficient to put her on notice of a potential claim, and she failed to sue the Defendants within three years of that date. The district court did not err in concluding that by December 27, 2013, Ayling knew or should have known she had a possible claim against the Defendants. The court did not err in granting the Defendants' motions for summary judgment dismissing Ayling's complaint.

III

[¶14] Ayling argues the district court erred in its decisions relating to her discovery requests. A district court has broad discretion over the scope of discovery, and its discovery decisions will not be reversed on appeal unless the court abused its

4

discretion. *Johnson v. Mark*, 2013 ND 128, ¶ 8, 834 N.W.2d 291. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Key Energy Servs., LLC v. Ewing Constr. Co., Inc.*, 2018 ND 121, ¶ 8, 911 N.W.2d 319.

[¶15] After filing her lawsuit, Ayling requested a large amount of discovery from the Defendants. In response, the Defendants filed motions to quash, for a protective order, and for a stay of discovery. The Defendants argued the district court should stay discovery because they would be filing dispositive motions, including motions to dismiss and for summary judgment. The court stayed discovery, recognizing "that judicial economy will be best served by staying all discovery pending the outcome of the Defendants' dispositive Motions."

[¶16] After the Defendants filed their dispositive motions, Ayling requested the district court to delay ruling on the motions to allow her to conduct additional discovery under N.D.R.Civ.P. 56(f). In granting Grand Forks County's summary judgment motions on statute of limitations grounds, the court stated, "[Ayling] fails to specifically identify any discovery that would defeat the motion based on the statute of limitations."

[¶17] Under N.D.R.Civ.P. 56(f), a district court may delay its ruling on a motion for summary judgment to allow additional discovery "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." However, "when further discovery would not involve an issue which is the subject matter of the summary judgment motion, a trial court does not abuse its discretion in deciding the motion without granting the Rule 56(f) request." *Perry Ctr., Inc. v. Heitkamp*, 1998 ND 78, ¶ 10, 576 N.W.2d 505.

[¶18] After reviewing the record, we agree with the district court that Ayling's voluminous discovery requests did not relate to the statute of limitations issue and would not have created an issue of material fact supporting denial of the summary judgment motion. The court's discovery decisions were not an abuse of discretion.

5

[¶19] Ayling argues the district court erred in denying her motion to reconsider and/or vacate.

[¶20] "North Dakota law does not formally recognize motions to reconsider." *Kautzman v. Doll*, 2018 ND 23, ¶ 9, 905 N.W.2d 744. A motion to reconsider is generally treated as either a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j), or as a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b). *Kautzman*, at ¶ 9. We review a court's denial of a motion for reconsideration under the abuse of discretion standard. *Kautzman*, at ¶ 13.

[¶21] Ayling brought her "motion to reconsider and/or vacate pursuant to N.D.R.Civ.P. 59(j) and Rule 60(b)" relating to the district court's January 2018 order granting the Defendants' motions for summary judgment. Her motion or brief in support did not identify a specific ground for relief under N.D.R.Civ.P. 60(b). Rule 60(b)(6), N.D.R.Civ.P., allows a district court to grant relief from an order or judgment for "any other reason that justifies relief." Rule 60(b)(6), N.D.R.Civ.P., "should be invoked only when extraordinary circumstances are present." *Kautzman*, 2018 ND 23, ¶ 14, 905 N.W.2d 744 (quoting *Hildebrand v. Stolz*, 2016 ND 225, ¶ 16, 888 N.W.2d 197).

[¶22] The district court considered Ayling's motion and found she was rearguing issues raised earlier. The court stated, "The threshold for amending or vacating a standing order is high, and it does not appear to the Court that there is anything 'extraordinary' or more to justify reconsideration of the order. The motion will be denied." We conclude the court did not abuse its discretion in denying Ayling's motion to reconsider.

V

[¶23]  We have considered Ayling's remaining arguments and conclude they are either unnecessary to our decision or without merit.  The judgment and order denying Ayling's motion to reconsider or vacate is affirmed.

[¶24]  Jerod E. Tufte
       Daniel J. Crothers
       Robin A. Schmidt, D.J.
       Gerald W. VandeWalle, C.J.
       Cherie L. Clark, D.J.

[¶25]  The Honorable Robin A. Schmidt, D.J., and the Honorable Cherie L. Clark, D.J., sitting in place of McEvers, J., and Jensen, J., disqualified.