# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 67

| | |
|---|---|
| Lakeview Excavating, Inc., | Plaintiff and Appellant |
| v. | |
| Dickey County and German Township, | Defendants and Appellees |

### No. 20190195

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

James M. Cailao (argued), Moorhead, Minnesota, and Jon R. Brakke (on brief), Fargo, North Dakota, for plaintiff and appellant.

Austin T. Lafferty (argued) and Scott K. Porsborg (on brief), Special Assistant State's Attorneys, Bismarck, North Dakota, for defendants and appellees.

# Lakeview Excavating, Inc. v. Dickey County
## No. 20190195

**Tufte, Justice.**

[¶1]   Lakeview Excavating appeals a district court judgment dismissing its complaint against Dickey County and German Township (Defendants) for breach of contract, intentional fraud, and misrepresentation. The court ruled Lakeview breached its contracts with the Defendants, and held Lakeview's tort claims against the Defendants were barred by the statute of limitations. We affirm.

I

[¶2]   In the spring of 2012, the Defendants awarded to Lakeview three road construction project contracts funded by the Federal Emergency Management Agency (FEMA). The parties executed three identical contracts, one for each project. The contracts required Lakeview to provide the necessary documents to satisfy FEMA requirements for funding.

[¶3]   Lakeview had to use more material than was listed in the bid documents to complete the projects. Some of the material used by Lakeview was taken from private property without permission and resulted in litigation against Lakeview. *See Taszarek v. Welken*, 2016 ND 172, 883 N.W.2d 880; *Taszarek v. Lakeview Excavating, Inc.*, 2019 ND 168, 930 N.W.2d 98. Lakeview completed the road construction projects in August 2012.

[¶4]   In October 2016, Lakeview sued the Defendants for breach of contract, fraud, misrepresentation, and unlawful interference with business. Lakeview alleged the Defendants knew the material quantities listed in the bid documents provided by them were inaccurate when the documents were issued. Lakeview claimed that it relied on the quantities listed in the bid documents and that the shortage of materials available to Lakeview resulted in a significant cost increase and delayed the projects. Lakeview also claimed that because it had to devote more resources to the projects, it was unable to timely complete additional road construction work in Benson County.

[¶5] The Defendants denied Lakeview's allegations and counterclaimed, alleging Lakeview breached the contracts because it failed to provide proper paperwork to satisfy FEMA requirements for funding. The Defendants claimed FEMA denied funding for the projects because Lakeview did not fulfill its obligations under the contracts.

[¶6] Each party moved for summary judgment. The Defendants argued Lakeview's claims were barred by the three-year statute of limitations. The Defendants asserted Lakeview knew in May 2012 that the Defendants were aware of the inaccurate material quantities. The Defendants also argued Lakeview breached the contracts for failing to provide documents necessary for FEMA funding. The Defendants stated FEMA's denial of funding caused damages of $248,949.14.

[¶7] The district court denied Lakeview's motion and granted the Defendants' motion. The court concluded Lakeview's tort claims against the Defendants were barred by the three-year statute of limitations. The court ruled Lakeview breached the contracts and entered a $249,600.64 judgment against Lakeview.

II

[¶8] Lakeview argues the district court erred in granting the Defendants' motion for summary judgment.

[¶9] This Court's standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be

drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Brock v. Price*, 2019 ND 240, ¶ 10, 934 N.W.2d 5 (quoting *Smithberg v. Smithberg*, 2019 ND 195, ¶ 6, 931 N.W.2d 211).

III

[¶10] Lakeview argues the district court erred in concluding what it alleges as its tort claims of actual fraud and intentional misrepresentation, negligent misrepresentation, and unlawful interference with business were barred by the statute of limitations.

[¶11] Chapter 32-12.1, N.D.C.C., governs tort claims against political subdivisions. *Finstad v. Ransom-Sargent Water Users, Inc.*, 2011 ND 215, ¶ 16, 812 N.W.2d 323. An action brought under N.D.C.C. ch. 32-12.1 "must be commenced within three years after the claim for relief has accrued." N.D.C.C. § 32-12.1-10.

[¶12] Lakeview contends the limitations period began running in October 2014 when a representative for the County stated the Defendants knew the material quantities listed in the bid documents were inaccurate when the documents were issued.

Determining when a cause of action accrues is normally a question of fact, but it becomes a question of law when the material facts are undisputed. The statute of limitations generally begins to run from the commission of the wrongful act giving rise to the cause of action, unless an exception applies. The discovery rule is one exception, and under the discovery rule the accrual of a claim is

3

postponed until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury. We have said, after acquiring knowledge of facts sufficient to put a person of ordinary intelligence on inquiry, a party has a responsibility to promptly find out what legal rights result from those facts, and failure to do so will be construed against the party. The discovery rule does not require full knowledge of the extent of an injury; rather, it only requires the party be aware of an injury.

*Ayling v. Sens*, 2019 ND 114, ¶ 11, 926 N.W.2d 147.

[¶13] Lakeview sued the Defendants in October 2016. The district court concluded Lakeview had notice of a possible claim and the statute of limitations began running on May 7, 2012:

> Lakeview's tort claims arise from the allegation that the Defendants were aware the quantities were incorrect but deliberately circulated false bid documents nonetheless. It is indisputable from the deposition of Brian Welken that Lakeview learned the Defendants were aware the quantities were incorrect on May 7, 2012. At that moment, Lakeview was on notice that the Defendants were aware the quantities were incorrect. Lakeview had the responsibility to investigate and find out what legal ramifications may [have] resulted from the fact. As a result, the statute of limitations accrued in May 2012, and expired in May 2015. This action was not brought until October 31, 2016. This is after the statute of limitations expired and the tort claims are therefore barred.

[¶14] Lakeview contends the limitations period began running on October 21, 2014. Charlie Russell, the County's emergency management director, testified in a deposition that the County knew the material quantities listed in the bid documents were inaccurate when FEMA issued the documents. Lakeview claims Welken's knowledge in May 2012 of the County's awareness of inaccurate quantities was limited to a portion of a single project and not the whole project.

[¶15] In May 2012, Welken learned of the County's awareness of material shortages during a conversation with Russell. At Welken's deposition, he was asked, "[On May 7, 2012,] was your awareness of the material shortage confined to site 7-11?" Welken responded, "At that time it was confined to site 7-11, but it was making us concerned about the rest of the projects after our conversation with Charlie [Russell]." Welken testified he became aware of additional material deficiencies as "the job was ongoing." Although Welken knew in May 2012 about the County's awareness of material deficiencies for only a portion of the project, he testified he was "concerned about the rest of the projects." He testified he recognized additional shortages as the work continued. Welken's initial knowledge in May 2012 and his subsequent knowledge of additional deficiencies as the job continued through its completion on August 15, 2012, should have led Lakeview to inquire whether the County knew of the material deficiencies for the whole project when it issued the bid documents. *Ayling*, 2019 ND 114, ¶ 11, 926 N.W.2d 147 (stating the discovery rule does not require full knowledge of the extent of an injury).

[¶16] We conclude the statute of limitations barred Lakeview's tort claims when it sued the Defendants in October 2016. The district court did not err in granting the Defendants' motion for summary judgment relating to Lakeview's tort claims.

IV

[¶17] Lakeview asserts the district court erred in dismissing its breach of contract claim against the Defendants. Lakeview also argues the court erred in ruling Lakeview breached its contracts with the Defendants.

[¶18] "A breach of contract is the nonperformance of a contractual duty when it is due." *Swenson v. Mahlum*, 2019 ND 144, ¶ 19, 927 N.W.2d 850. A party asserting a breach of contract must prove: (1) the existence of a contract; (2) a breach of the contract; and (3) damages flowing from the breach. *Id.*

## A

[¶19] Lakeview's complaint alleged, "The failure of Dickey County and German Township to allow reasonable accommodations for Lakeview to complete the Projects so that Lakeview could reallocate resources to Benson County constitutes a breach of the Defendants' Contracts with Plaintiff." Lakeview claims the material quantities contained in the bid documents were incorporated into the three contracts with the Defendants. Lakeview asserts the shortage of materials caused it to spend more time on the project and it was unable to complete the Benson County project on time, resulting in liquidated damages.

[¶20] In dismissing Lakeview's breach of contract claim, the district court concluded:

> The contracts between the parties lack any clause or provision which required the Defendants to allow reasonable accommodations for Lakeview's work on other projects. Further, any alleged breach due to the incorrect quantities cannot be a breach because the contracts do not guarantee a specific quantity or even a correct quantity. Lakeview claims there is a genuine dispute of fact as to whether the Defendants' alleged utilization of incorrect quantities is a breach of contract; however, there is no contractual provision that would have been breached by such. Accordingly, there is no genuine dispute of fact and Lakeview's claim for breach of contract cannot succeed.

[¶21] We agree with the district court. The contracts do not include a term specifying the material quantities for the job, nor do they require accommodations allowing Lakeview to work on other projects. The district court did not err in granting the Defendants' motion for summary judgment on Lakeview's breach of contract claim.

## B

[¶22] Lakeview asserts the district court erred in concluding Lakeview breached its contracts with the Defendants.

[¶23] The three contracts state, "The Contractor will be responsible for all documentation and paper work required to satisfy the FEMA requirements."

6

FEMA denied funding for the road construction projects because "the contractor [Lakeview] failed to obtain the appropriate bonding required for the contract," and Lakeview used materials from private property without permission and without completing a cultural survey at the site where the materials were taken. The district court ruled that under the contracts' language, there was no genuine dispute of fact that Lakeview breached its obligations under the contracts because it did not provide the required documents necessary for FEMA funding.

[¶24] Lakeview does not dispute it did not obtain the bonds required by FEMA. Lakeview argues the Defendants should have requested or required Lakeview to obtain or submit the bonds required for FEMA funding. Lakeview also asserts that the County later accepted responsibility for not obtaining the bonds in its communications with FEMA.

[¶25] We are not persuaded by Lakeview's arguments. The three contracts plainly state "[Lakeview] will be responsible for all documentation and paper work required to satisfy the FEMA requirements" for funding. *See* N.D.C.C. § 9-07-02 (stating the "language of a contract is to govern its interpretation if the language is clear and explicit"). The contracts do not require the Defendants to request that Lakeview obtain or submit additional bonds. We conclude the district court did not err in granting summary judgment on the Defendants' breach of contract claim.

V

[¶26] Lakeview's remaining arguments are either without merit or not necessary to our decision. The judgment is affirmed.

[¶27]   Jerod E. Tufte
        Daniel J. Crothers
        Lisa Fair McEvers
        Gerald W. VandeWalle
        Jon J. Jensen, C.J.

7