Chester P. LARSON, Plaintiff
and Appellant,

v.

Mamie LARSON, Defendant and Respondent.

No. 8175.

Supreme Court of North Dakota.

July 21, 1964.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for plaintiff and appellant.

Duffy & Haugland, Devils Lake, for defendant and respondent.

STRUTZ, Judge.

The plaintiff brings this action for specific performance of an option agreement which he had entered into with the defendant, his mother. The agreement provided that, for a consideration of $300, the defendant gave to the plaintiff an option to purchase certain real property described therein, for a total consideration of $17,000. The purchase price was to be paid by having the plaintiff assume a Federal Land Bank loan owed by the defendant on the property being sold,.

and by the plaintiff's making an additional loan, including in his application not only the property which he was purchasing from the defendant but an additional three quarters of land which he already owned. The proceeds of such additional loan were to be applied on the balance due on such purchase price and, if such additional loan was not sufficient to pay the purchase price in full, the defendant agreed to take a second mortgage on the plaintiff's property for any balance remaining, such balance to be paid in ten equal annual installments and to draw interest at the same rate as was being paid on the Federal Land Bank loan. This agreement was dated March 8, 1960, and provided that the option was to be exercised by the plaintiff on or before January 1, 1961.

The trial court dismissed the plaintiff's action, holding that the purported option agreement was null and void. In reaching this decision, the court found that the defendant had not been paid the $300 downpayment; that the agreement was a mere offer to sell and not an enforceable option and that such offer had not been accepted by the plaintiff within the time specified therein; that the agreement was inequitable and unfair and that specific performance would not be decreed of an inequitable contract; and that the plaintiff had abandoned the right to purchase said property by vacating the farm and turning possession thereof back to the defendant.

From the judgment dismissing the plaintiff's complaint, the plaintiff has appealed to this court.

■ Specific performance is an equitable action, the purpose of which is to compel parties to agreements to perform what they have contracted to do. 81 C.J.S. Specific Performance § 1b, p. 408.

■ The remedy of specific performance is purely equitable, and is available to a party who is injured or damaged by a breach of an agreement or contract. Though it is an equitable action, it is available to enforce agreements even though the injured party may have a legal remedy for damages, because in many cases an action for damages would not afford adequate relief. In such cases, equity permits the specific performance of the agreement of the parties on the theory that the most just termination of any contract is its complete performance by all parties in accordance with its terms. When parties enter into an agreement, each expects to receive certain benefits therefrom, and they never can be fully compensated unless such parties perform in accordance with the terms and provisions of their agreement.

Our Legislative Assembly has provided for specific performance of agreements and contracts, under certain conditions. Chap. 32-04, N.D.C.C. The plaintiff brings this action under the provisions of this chapter. The defendant resists the plaintiff's action on several grounds, including a contention that the plaintiff had failed to perform conditions which he was required to perform under the agreement, and that the plaintiff had failed to exercise the option within the time specified therein. We must consider this contention first, for if the plaintiff has not fully and fairly performed all of the conditions by him to be performed, specific performance of the agreement cannot be had, and the remaining questions raised on this appeal, such as lack of consideration, the unfairness of the contract, and the abandonment of the contract by the plaintiff, all become immaterial and need not be considered.

■ Our law provides that, with certain exceptions, specific performance of an agreement cannot be granted in favor of a party who has not fully and fairly performed all of the conditions which he has agreed to perform under the contract. Sec. 32-04-14, N.D.C.C. The option agreement which plaintiff is attempting to have specifically performed provides that the plaintiff was to assume a Federal Land Bank mortgage on the property he was purchasing. He further was to apply for an additional loan on such property and was to include in

his application for such loan three additional quarters of land owned by him. The proceeds of such loan, up to the full balance due the defendant under the agreement, was to be applied on the purchase price.

The defendant never did make an application for such additional loan. The record shows that the only application which was made for an additional loan was made, not by the plaintiff as required by the contract, but by the plaintiff and the defendant. The record further discloses in this connection that the plaintiff never did attempt to comply with this provision of the agreement to make a loan in his own name. He was asked:

"Q. Did you attempt to get the Federal Land Bank loan without her signature?

"A. No."

The record further discloses that the proceeds of the loan, which under the agreement were to be applied on the balance due on the purchase price, actually were to be paid to the plaintiff for operating expenses. Gordon G. Bedford, the Federal Land Bank representative who was processing the application, testified that the plaintiff's request for loan had been approved for the sum of $11,000; that the sum of $7,142 was to be applied on the defendant's existing loan, the sum of $700 was to be retained by the lending agency for stock in the association and for loan expenses, and "$3,158 was to be disbursed for cash operating purposes to C. P. Larson." C. P. Larson was the plaintiff in this action. This was not a compliance with the provision in the so-called option agreement that the balance of the loan was to be paid to the defendant and applied on the purchase price, although it could be argued that the plaintiff intended to pay it to the defendant. The failure to apply for an additional loan, however, cannot be explained.

It is clear that the plaintiff made no attempt to comply with the terms of the option. What obviously happened was that he had abandoned the option agreement which had been signed by the parties and was attempting to get the defendant to agree to new and different terms than those contained in the original contract.

Before an agreement can be specifically enforced to convey real estate, the court will insist on a showing of utmost good faith on the part of the purchaser. Raasch v. Goulet, 57 N.D. 674, 223 N.W. 808.

Therefore, since the plaintiff did not fully and fairly perform all of the conditions which he was to perform under the agreement which he is attempting to specifically enforce, and since there is no showing in the record to indicate that he was prevented from doing so by any action of the defendant, specific performance will not lie of the purported option agreement.

For reasons stated herein, the judgment of the district court is affirmed.

JAMES MORRIS, C. J., and TEIGEN, BURKE and ERICKSTAD, JJ., concur.