Jensen, Justice.
 

 [¶ 1] Glenn Solberg appeals from an amended judgment dismissing his claims against the estate of his stepfather, Lyle Nelson ("Lyle Nelson Estate"). Glenn Solberg challenges the district court's dismissal of his claim seeking ownership of 100 mineral acres and seeking to enforce an option to purchase real property. The court determined that the mineral interests and real property alleged to be subject to the option were never within the Lyle Nelson Estate and that Glenn Solberg's claim was also untimely. We affirm the amended judgment and grant the Lyle Nelson Estate's request for an award of costs and attorney fees for a frivolous appeal under N.D.R.App.P. 38.
 

 I
 

 [¶ 2] In 1965 Sidney Solberg, Glenn Solberg's father, passed away. Sidney Solberg's estate was the subject of a probate proceeding and on November 17, 1965 the probate court issued a final decree of distribution. The 100 mineral acres and the property alleged by Glenn Solberg to be subject to a purchase option ("option property") at issue in this proceeding were distributed from Sidney Solberg's estate as part of the probate proceedings. The 100 mineral acres and the option property were distributed to Sidney Solberg's wife, Lillian Solberg, for her life with the remainder interest to Lillian Solberg and Sidney Solberg's four children. Glenn Solberg is one of their four children. There were no objections or other challenges to the 1965 final decree of distribution.
 

 [¶ 3] After Sidney Solberg's death, Lillian Solberg married Lyle Nelson. In 1985 Lillian Nelson executed a will. In 1997 Lillian Nelson executed a codicil to her will. In 2003 Lillian Nelson died. Glenn Solberg did not initiate any claims against Lillian Nelson's estate and received 25 mineral acres located in Williams County under the terms of her will.
 

 [¶ 4] A provision in Lillian Nelson's 1985 will and a provision in the 1997 codicil are the foundation for Glenn Solberg's claim against the Lyle Nelson Estate. Lillian Nelson's 1985 will includes a specific devise to Glenn Solberg of "one hundred (100) mineral acres out of what I have remaining at the time of my death in and under other real property, in appreciation for breaking up some of my land during my lifetime." Lillian Nelson's 1997 codicil allegedly creates an option for Glenn Solberg to purchase the option property through a right of first refusal. At the time Lillian Nelson executed her will and the codicil, Lillian Nelson's interest in both the 100 mineral acres and the option property was limited to a life estate.
 

 [¶ 5] Glenn Solberg's claim against the Lyle Nelson Estate in this proceeding is based on his assertion that he was entitled
 to the distribution of the 100 mineral acres as provided in Lillian Nelson's 1985 will and that he is entitled to exercise the right of first refusal on the option property as provided in Lillian Nelson's 1997 codicil. The district court dismissed Glenn Solberg's claim against the estate, but in
 
 Estate of Nelson
 
 ,
 
 2015 ND 122
 
 , ¶ 12,
 
 863 N.W.2d 521
 
 , we reversed and remanded for the court to provide an adequate explanation of the legal basis for its decision. On remand, the court granted the personal representative's request to dismiss the claims under N.D.R.Civ.P. 12(b)(6) after determining that the 100 mineral acres and the option property were never held by the Lyle Nelson Estate and were never under the control of or owned by Lyle Nelson. Alternatively, the court ruled any claim of improper distribution in the Lillian Nelson estate was time barred under N.D.C.C. § 30.1-21-06.
 

 II
 

 [¶ 6] Our review of a district court's dismissal of a claim for failure to state a claim upon which relief can be granted under N.D.R.Civ.P. 12(b)(6) is well established. In
 
 Estate of Dionne
 
 ,
 
 2013 ND 40
 
 , ¶ 11,
 
 827 N.W.2d 555
 
 , we explained:
 

 "A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests 'the legal sufficiency of the statement of the claim presented in the complaint.' "
 
 Hale v. State
 
 ,
 
 2012 ND 148
 
 , ¶ 13,
 
 818 N.W.2d 684
 
 (quoting
 
 Ziegelmann v. DaimlerChrysler Corp.
 
 ,
 
 2002 ND 134
 
 , ¶ 5,
 
 649 N.W.2d 556
 
 ). "Under N.D.R.Civ.P. 12(b)(vi), a 'complaint should not be dismissed unless it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.' "
 
 Hale
 
 , at ¶ 13 (quoting
 
 Ziegelmann
 
 , at ¶ 5 ). On appeal, the complaint must be construed " 'in the light most favorable to the plaintiff, taking as true the well-pleaded allegations in the complaint.' "
 
 Hale
 
 , at ¶ 13 (quoting
 
 Ziegelmann
 
 , at ¶ 5 ). "We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot 'discern a potential for proof to support it.' "
 
 Hale
 
 , at ¶ 13 (quoting
 
 Ziegelmann
 
 , at ¶ 5 ).
 

 [¶ 7] Our law regarding the rights of someone who holds a life interest in property is also well established. In
 
 Schroeder v. Buchholz
 
 ,
 
 2001 ND 36
 
 , ¶ 21,
 
 622 N.W.2d 202
 
 , we recognized the following:
 

 It is well-settled, a life estate holder "is entitled to both the possession and the use of the property ... including the right to rents, issues, and profits generated by the parcel during the tenant's life." 51 Am. Jur. 2d
 
 Life Tenants and Remaindermen
 
 § 32 (2000). A life tenant "is entitled to possession and enjoyment of the property as long as the estate endures; he or she may convey or lease his or her interest, but may not disregard the rights of those who take when the life estate ends."
 
 Id
 
 .
 

 See also
 

 Matter of Bradley K. Brakke Trust
 
 ,
 
 2017 ND 34
 
 , ¶ 36,
 
 890 N.W.2d 549
 
 (same). This is consistent with N.D.C.C. § 47-02-30 which provides that "[n]o future interest can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent interest...."
 

 [¶ 8] In this case, Lillian Nelson obtained a life estate interest in the 100 mineral acres and in the option property in 1965 from Sidney Solberg's estate. The codicil relied upon by Glenn Solberg itself identifies Lillian Nelson's interest as being limited to a life estate. As a life tenant she was limited to conveying an interest in her property only to the extent of her life and she could not make any transfers that would disregard the rights of those who would take the property when her life ended. As such, Lillian Nelson's attempt to provide an interest in the 100 mineral
 acres to Glenn Solberg in her 1985 will is invalid because it disregards the rights of those who would take the property when her life ended. Similarly, her attempt to convey a right of first refusal to the option property in her 1997 codicil is also invalid because it disregards the rights of those who would take the property when her life ended.
 
 Cf
 
 .
 
 Phillips v. Sexton
 
 ,
 
 243 Ga. 501
 
 ,
 
 255 S.E.2d 15
 
 , 18 (1979) ("[W]e hold that unless expressly authorized, [a life tenant] cannot give an option to purchase which by its terms extends beyond his life estate.").
 

 [¶ 9] Upon Lillian Nelson's death in 2003 her life interest ended and the 100 mineral acres and the option property became the property of her four children as the holders of the remainder interest. The district court correctly determined that the Lyle Nelson Estate did not hold, and Lyle Nelson never held, an interest in the 100 mineral acres or the option property. Therefore, the court correctly dismissed Glenn Solberg's claim because it could conclude with certainty the impossibility of proving a claim upon which relief could be granted. Glenn Solberg could not recover property from the Lyle Nelson Estate if Lyle Nelson never held an interest in the property.
 

 [¶ 10] Glenn Solberg also contends that Sidney Solberg's will was misconstrued and that the intent of the will was to transfer only the surface interest in the real property to Lillian Nelson as a life interest and that the mineral interests were to be transferred to Lillian Nelson in fee simple. As noted above, Sidney Solberg died in 1965 and a final decree of distribution was issued by the probate court in November 1965. No challenge was initiated to the final decree of distribution. The time for initiating a challenge to the distributions from Sidney Solberg's estate long ago expired. "[T]he failure to file an appeal from a final decree of distribution within the time specified bars a party to the probate proceedings from attacking the final decree of distribution...."
 
 Baukol-Noonan, Inc. v. Bargmann
 
 ,
 
 283 N.W.2d 158
 
 , 163 (N.D. 1979).
 

 [¶ 11] The district court properly concluded that, with certainty, it would be impossible for Glenn Solberg to obtain the relief he requested from the Lyle Nelson Estate.
 

 III
 

 [¶ 12] The Lyle Nelson Estate requests an award of costs and attorney fees under N.D.R.App.P. 38.
 

 [¶ 13] In
 
 Podrygula v. Bray
 
 ,
 
 2014 ND 226
 
 , ¶ 23,
 
 856 N.W.2d 791
 
 , we explained:
 

 Rule 38, N.D.R.App.P., authorizes this Court to award "just damages and single or double costs including reasonable attorney's fees" if the Court determines an appeal is frivolous.
 
 United Bank of Bismarck v. Young
 
 ,
 
 401 N.W.2d 517
 
 , 518 (N.D. 1987). "An appeal is frivolous when it is flagrantly groundless."
 
 Nissen v. City of Fargo
 
 ,
 
 338 N.W.2d 655
 
 , 658 (N.D. 1983). "Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper."
 
 United Bank
 
 ,
 
 401 N.W.2d at 518
 
 . This Court has also stated, when a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request.
 
 Gibb v. Sepe
 
 ,
 
 2004 ND 227
 
 , ¶ 13,
 
 690 N.W.2d 230
 
 .
 

 "Self-represented parties should not be treated differently nor allowed any more or any less consideration than parties represented by counsel."
 
 State v. Kremer
 
 ,
 
 2018 ND 61
 
 , ¶ 7,
 
 907 N.W.2d 403
 
 . The Lyle Nelson Estate did not accompany its request with an affidavit documenting the legal work performed.
 

 [¶ 14] We conclude Glenn Solberg's appeal is frivolous, and we grant the request for double costs and attorney fees in the amount of $500.00.
 
 See
 

 Tarnavsky v. Tschider
 
 ,
 
 2011 ND 207
 
 , ¶ 2,
 
 806 N.W.2d 438
 
 ;
 
 Tarnavsky v. Rankin
 
 ,
 
 2010 ND 77
 
 , ¶ 2,
 
 789 N.W.2d 731
 
 .
 

 IV
 

 [¶ 15] We do not address other issues raised because they are unnecessary to the decision or are without merit. We affirm the amended judgment dismissing Glenn Solberg's claims against the Lyle Nelson Estate. The Lyle Nelson Estate is awarded double costs and attorney fees in the amount of $500.00.
 

 [¶ 16] Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.