# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 26

Aftem Lake Developments, Inc., and
Gerald Lee Aftem, individually,                    Plaintiffs and Appellants

  v.

Riverview Homeowners Association,                    Defendant and Appellee

## No. 20190221

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Judd M. Jensen (argued) and Troy L. Bentson (on brief), Bozeman, MT, for plaintiffs and appellants.

Monte L. Rogneby, Bismarck, ND, for defendant and appellee.

**VandeWalle, Justice.**

[¶1]   Gerald Aftem and Aftem Lake Developments Inc. (Aftem) appealed a district court judgment dismissing its lawsuit against the Riverview Homeowners Association. Aftem argues the court erred in holding it has no ownership interest in certain subdivision roads. We affirm.

I

[¶2]   In 1998, Aftem purchased 10.69 acres of real property in Mountrail County. Aftem subdivided part of the property into three platted subdivisions; Arrowhead Point, Bridgeview, and Riverview Estates, collectively referred to as the Riverview Subdivisions. Each subdivision plat stated the roads and public rights of way were dedicated to the public.

[¶3]   Aftem submitted the plats to the Mountrail County Commissioners for approval. At the Commissioners' meeting, the Commission approved the plats on the condition that the County would not assume maintenance responsibility for the platted subdivision roads within the subdivisions.

[¶4]   Aftem recorded covenants against the property and created the Riverview Homeowners Association (Riverview HOA) to enforce the subdivisions' covenants. In 2015, the Riverview HOA developed and built a water utility system for the subdivisions. Portions of the water system were located underneath the platted subdivision roads.

[¶5]   Aftem sued the Riverview HOA for trespass and negligence, alleging it did not have permission to run its water lines underneath the subdivision roads to which Aftem claimed ownership. Aftem claimed it owned the roads within the subdivision because, although the County Commission approved the plats, the County did not maintain the roads. Riverview HOA denied the allegations, claiming the County Commission's approval of the subdivision plats divested Aftem of ownership in the subdivision roads.

1

[¶6]   The parties submitted a stipulated statement of undisputed facts and moved for summary judgment. Aftem argued it owned the subdivision roads because the County refused maintenance responsibility for the roads. Riverview HOA asserted Aftem was divested of ownership in the roads when the plats were approved and recorded. The district court granted Riverview HOA's motion and concluded Aftem had no ownership interest in the subdivision roads. The court entered a judgment dismissing Aftem's lawsuit.

II

[¶7]   Aftem argues the district court erred in granting summary judgment in Riverview HOA's favor.

[¶8]   The standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 6, 930 N.W.2d 90 (quoting *Becker v. Burleigh Cty.*, 2019 ND 68, ¶ 7, 924 N.W.2d 393).

2

## III

[¶9]   Aftem argues the County's approval process for the subdivision plats was imperfect because the County Commission approved the plats on the condition that it would not maintain the roads within the subdivisions. Aftem contends it retained ownership of the subdivision roads as a result of the County's imperfect approval of the plats.

[¶10] The laying out and platting of subdivisions is governed by N.D.C.C. ch. 40-50.1. A "plat must describe particularly and set forth all the streets" within the subdivision. N.D.C.C. § 40-50.1-01(1).

[¶11] Under N.D.C.C. § 40-50.1-03, a "plat must contain a written instrument of dedication, which is signed and acknowledged by the owner of the land." The instrument of dedication must contain a full and accurate legal description of the land. *Id.* The plat must include a certification from the registered land surveyor. *Id.* The dedication and certification must be sworn to before a notary public. *Id.* The plat must be approved by the governing body affected by the plat. *Id.*

[¶12] After approval of the plat by the governing body, the plat must be recorded. N.D.C.C. § 40-50.1-04. Under N.D.C.C. § 40-50.1-05, relating to the conveyance of land noted on a plat:

> When the plat has been made out and certified, acknowledged, and recorded as required by sections 40-50.1-01, 40-50.1-03, and 40-50.1-04, every donation or grant to the public, or to any individual, religious society, corporation, or limited liability company, marked or noted as such on the plat or map is a sufficient conveyance to vest the fee simple title in the parcel of land as designated on the plat. The mark or note made on a plat or map is for all intents and purposes a general warranty against the donors, their heirs and representatives, to the donees or grantees for the expressed and intended uses and purposes named in the plat and for no other use or purpose. The land intended to be used for the streets, alleys, ways, or other public uses in any jurisdiction or addition thereto must be held in the corporate name of the jurisdiction in trust for the uses and purposes set forth and expressed and intended.

[¶13] Here, the district court concluded Aftem's three subdivision plats satisfied the requirements of N.D.C.C. § 40-50.1-05:

> In the present situation each one of the recorded plats contains a written instrument of dedication signed and acknowledged by the owner. Each plat contains a certification from the surveyor as to the accuracy of the plat. Each plat also contains the required signatures from the [Mountrail] County Planning Commission and the [Mountrail] County Commissioners. Each plat was also recorded with the [Mountrail] County Recorder. Accordingly, the requirements of N.D.C.C. § 40-50.1-05 have been met and the result of those donations or grant to the public which were ". . . noted as such on the plat or map. . ." is a sufficient conveyance to vest fee simple title in that land to [Mountrail] County. As such, [Aftem]'s claim to the platted property ended at the point in time each plat was approved and recorded in accordance with N.D.C.C. § 40-50.1-05.
>
> . . . .
>
> [A] statutory dedication /conveyance of land was made with respect to all three subdivisions in accordance with N.D.C.C. [§] 40-50.1-05. Given that a proper statutory dedication of the roads and other common areas had been previously given, and that the result of that prior conveyance divested [Aftem] of ownership interest in the property which is the subject of this dispute, the action initiated by [Aftem] is dismissed, with prejudice.

[¶14] Aftem relies on *Winnie Dev. LLLP v. Reveling*, 2018 ND 47, 907 N.W.2d 413 to support its argument that there was an imperfection in the plat dedication. In *Winnie*, at ¶ 10, the dedication in the subdivision plat did not include a specific parcel of property. We held the failure to include a legal description or other words describing the parcel "precluded a valid statutory dedication due to the lack of a legally accurate description." *Id.* Thus, fee simple title to the parcel remained in the original owner and did not vest in the municipality. *Id.*

[¶15] Aftem does not dispute that the recorded plats each have clear dedication language granting the public a perpetual right of way in the subdivision roads.

4

Rather, Aftem asserts the County's conditional approval of the plats at its Commission meeting created an imperfection and did not divest Aftem of ownership in the roads. We disagree.

[¶16] As conceded by Aftem, the Arrowhead Point and Bridgeview subdivision plats include an "OWNER'S CONSENT AND DEDICATION" stating: "We the undersigned, Aftem Lake Development, Corporation, being all the owners and mortgage holders of the lands platted herein, do hereby voluntarily consent to the execution of said plat, vacation of all existing roads and do dedicate the use of new roads to the public forever." The plat for Riverview Estates declares that Aftem donates and dedicates to the public any "rights of way as hereon shown, for public use forever." Each plat also contains a full and accurate legal description of the property, a surveyor's certificate, and the signature of the Mountrail County Commission chairperson approving the plat. *See* N.D.C.C. § 40-50.1-03. Nothing on the face of the plats indicates the County approved them on the condition it would not be responsible for maintenance of the roads. The plats were recorded as required by N.D.C.C. § 40-50.1-04.

[¶17] This case involves ownership of the subdivision roads, and we need not decide which party is responsible for the maintenance of the roads.[1] Aftem's subdivision plats satisfied N.D.C.C. §§ 40-50.1-01, 40-50.1-03, and 40-50.1-04. The plats dedicated the use of the subdivision roads and public rights of way to the public forever. Thus, under N.D.C.C. § 40-50.1-05, Aftem's dedication of the subdivision roads and public rights of way divested Aftem of ownership in the roads.

[¶18] We conclude the district court did not err in granting Riverview HOA's motion for summary judgment.

---

[1] Mountrail County was not a party and did not appear in this action.

## IV

[¶19] The parties' remaining arguments are either without merit or not necessary to our decision. The judgment is affirmed.

[¶20] Gerald W. VandeWalle
      Daniel J. Crothers
      Jerod E. Tufte
      Lee A. Christofferson, S. J.
      Jon J. Jensen, C.J.

[¶21] The Honorable Lee A. Christofferson, S.J., sitting in place of McEvers, J., disqualified.