# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 44

Glenn Sidney Solberg,                            Plaintiff and Appellant

      v.

Richard McKennett,                           Defendant and Appellee

## No. 20200207

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Paul W. Jacobson, Judge.

AFFIRMED.

Opinion of the Court, by VandeWalle, Justice, in which Chief Justice Jensen, and Justices Crothers, McEvers, and Tufte joined. Justice Crothers filed an opinion concurring specially, in which Chief Justice Jensen joined..

Glenn Solberg, self-represented, Zahl, ND, plaintiff and appellant; submitted on brief.

Lawrence E. King and Dennis Pathroff, Bismarck, ND, for defendant and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Glenn Solberg appealed from a district court judgment dismissing his complaint against Richard McKennett. The court concluded Solberg's fraud and injury to person claims against McKennett were barred by the six-year statute of limitations. We affirm.

I

[¶2]   This action is related to Solberg's litigation involving the Estate of Lyle Nelson. *See Estate of Nelson*, 2018 ND 118, 910 N.W.2d 856; *Estate of Nelson*, 2015 ND 122, 863 N.W.2d 521. Lyle Nelson was married to Solberg's mother Lillian (Solberg) Nelson, who died in 2003. Lyle Nelson died in 2012, and McKennett was the attorney for the personal representative of Lyle Nelson's estate. In June 2013, Solberg filed a petition for allowance of claim against Lyle Nelson's estate, asserting that under his mother's 1985 will and 1997 codicil he was entitled to 100 mineral acres and had an option to purchase certain property. The district court dismissed Solberg's claim, concluding the 100 mineral acres and the option property were never held by Lyle Nelson's estate and were never under the control of or owned by Lyle Nelson. We affirmed the dismissal of Solberg's claim. *Nelson*, 2018 ND 118, ¶ 15.

[¶3]   In April 2020, Solberg sued McKennett for fraud and injury to person. Solberg alleged McKennett committed fraud by misleading him during the probate of Lyle Nelson's estate and by dismissing his claim against Nelson's estate. Solberg requested $400,000 in damages.

[¶4]   McKennett moved to dismiss the lawsuit, claiming Solberg's complaint did not specify the circumstances constituting fraud. McKennett also argued Solberg's lawsuit was barred by the six-year statute of limitations. The district court converted McKennett's motion to dismiss into a motion for summary judgment and dismissed Solberg's lawsuit. The court concluded Solberg's

claims were time-barred because Solberg was aware of McKennett's alleged wrongdoing before April 2014.

## II

[¶5] Solberg argues the district court improperly granted summary judgment in McKennett's favor.

[¶6] Solberg does not argue the district court erred procedurally by converting McKennett's motion to dismiss into a motion for summary judgment. The standard of review for summary judgments is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Aftem Lake Dev., Inc. v. Riverview Homeowners Ass'n*, 2020 ND 26, ¶ 8, 938 N.W.2d 159 (quoting *Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 6, 930 N.W.2d 90). "An action barred by a statute of limitations generally is

dismissed under the summary judgment standards of N.D.R.Civ.P. 56." *Ayling v. Sens*, 2019 ND 114, ¶ 9, 926 N.W.2d 147.

[¶7] The statute of limitations for fraud, deceit, and injury to person is six years. N.D.C.C. § 28-01-16(5), (6); *Bullinger Enterprises, LLLP v. Dahl*, 2020 ND 63, ¶ 12, 940 N.W.2d 630.[1] McKennett was served with the summons and complaint on April 7, 2020; thus, any alleged wrongdoing occurring before April 7, 2014, would be time barred.

[¶8] Solberg contends the six-year statute of limitations began to run in 2020.

> Determining when a cause of action accrues is normally a question of fact, but it becomes a question of law when the material facts are undisputed. The statute of limitations generally begins to run from the commission of the wrongful act giving rise to the cause of action, unless an exception applies. The discovery rule is one exception, and under the discovery rule the accrual of a claim is postponed until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury. We have said, after acquiring knowledge of facts sufficient to put a person of ordinary intelligence on inquiry, a party has a responsibility to promptly find out what legal rights result from those facts, and failure to do so will be construed against the party. The discovery rule does not require full knowledge of the extent of an injury; rather, it only requires the party be aware of an injury.

*Lakeview Excavating, Inc. v. Dickey Cty.*, 2020 ND 67, ¶ 12, 940 N.W.2d 657 (quoting *Ayling*, 2019 ND 114, ¶ 11).

[¶9] In addition to his allegations against McKennett, Solberg's 59-page complaint raised claims against other individuals including Lyle Nelson, the district court judge, and another attorney. Solberg alleged McKennett's fraud started in 2001 when he drafted an estate planning document giving Lyle

---

[1] Solberg's complaint does not specifically allege legal malpractice against McKennett. However, to the extent the allegations against McKennett could be construed as legal malpractice, those claims have a two-year statute of limitations under N.D.C.C. § 28-01-18(3).

Nelson power of attorney over Lillian (Solberg) Nelson when she was not competent at the time. Solberg claimed McKennett had a conflict of interest in the representation of Lyle Nelson's estate. Solberg alleged that in February 2013 he gave McKennett evidence on a USB drive showing Lyle Nelson's fraud involving Lillian (Solberg) Nelson's estate, but McKennett did not use the evidence. Solberg asserted McKennett committed fraud by misleading him about the deadline to file a claim against Lyle Nelson's estate and by dismissing Solberg's claim in April 2013.

[¶10] Under N.D.R.Civ.P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake". Although Solberg's complaint does not specify precisely how McKennett's actions were fraudulent, Solberg's allegations against McKennett are similar to those made in his 2013 petition for allowance of claim filed in Lyle Nelson's probate case. On the basis of the dates provided in Solberg's complaint, Solberg was aware of McKennett's alleged wrongdoing before April 7, 2014. Solberg was aware of facts sufficient to put him on notice of a potential claim against McKennett.

[¶11] We conclude the statute of limitations barred Solberg's fraud and injury to person claims against McKennett. The district court did not err in granting McKennett's motion for summary judgment.

III

[¶12]  The judgment dismissing Solberg's complaint is affirmed.

[¶13] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte

**Crothers, Justice, concurring specially.**

[¶14] I agree with the majority opinion and have signed it. I write separately to maintain the distinction between fraud and deceit.

4

[¶15] Glenn Solberg labels his claims for relief as ones for "fraud" and "injury to person." Majority opinion, ¶ 1. For purposes of this case, we adopt those labels without substantive analysis whether he advances a claim for "fraud" or "deceit." Reviewing the complaint reveals Solberg sued McKennett for misleading him during the probate of Lyle Nelson's estate, and for rejecting his claim against the estate. Majority opinion, ¶ 3. This Court recently explained:

> Generally, N.D.C.C. ch. 9-03 defines fraud and applies in deciding whether parties have the necessary consent for the formation of a contract. *See* N.D.C.C. §§ 9-03-04 (when consent deemed voidable); 9-03-07 (fraud classified); 9-03-08 (actual fraud defined); 9-03-09 (constructive fraud defined); 9-03-10 (actual fraud is a question of fact). When fraud is perpetrated to induce a party to enter into a contract, rescission of the contract is the remedy. *See Heart River Partners v. Goetzfried*, 2005 ND 149, ¶ 21, 703 N.W.2d 330. "In contrast to fraud, deceit is not an action dependent on a contract; it is a tort cause of action, and allows recovery of damages upon proof of an affirmative misrepresentation or suppression of material facts." *Bakke v. Magi-Touch Carpet One Floor & Home, Inc.*, 2018 ND 273, ¶ 20, 920 N.W.2d 726; *see also* N.D.C.C. §§ 9-10-02, 9-10-03.

*Kuntz v. State*, 2019 ND 46, ¶ 43, 923 N.W.2d 513.

[¶16] Like in many cases where the plaintiff asserts "fraud," "[t]his is an action for deceit, not for rescission. There is a vast difference between the actions, and this difference must be constantly kept in mind in considering this case." *Gunderson v. Havana-Clyde Mining Co.*, 22 N.D. 329, 133 N.W. 554, 555 (1911); *Erickson v. Brown*, 2008 ND 57, ¶¶ 70-74, 747 N.W.2d 34 (Crothers, J., dissenting).

[¶17] Even though the majority opinion refers to the claims as "fraud," and impose the higher pleading standard for a fraud claim, the result is the same for deceit. *Kuntz*, 2019 ND 46, ¶ 51 ("We have recognized that fraud and deceit are distinct but similar concepts. To the extent *Haugrud*, 2017 ND 262, ¶ 14, 903 N.W.2d 537, suggests N.D.R.Civ.P. 8(a)(1) applies, we clarify that a deceit claim requires the same degree of specificity in pleadings as a claim for fraud

5

under N.D.R.Civ.P. 9(b).”). Therefore, the result here is correct even though the plaintiff incorrectly labeled the claim.

[¶18] Daniel J. Crothers
      Jon J. Jensen, C.J.