# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 193

Ordahl, LLC,                                        Plaintiff and Appellant

   v.

Arlene Lykken, Bruce Lykken,

Paul Lykken, and Sandra Teske,              Defendants and Appellees

## No. 20220115

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Kasey D. McNary, Fargo, ND, for plaintiff and appellant.

Andrew D. Cook, West Fargo, ND, for defendants and appellees.

**Jensen, Chief Justice.**

[¶1]   Ordahl LLC ("Ordahl") appeals from a district court order granting Arlene Lykken, Bruce Lykken, Paul Lykken, and Sandra Teske's ("the Lykkens") motion for summary judgment and denying Ordahl's motion for summary judgment. We conclude the court erred in determining the purchase agreement required Ordahl to terminate the agreement and limited Ordahl to a recovery of its earnest money. We reverse and remand this case for consideration of whether Ordahl should prevail on its equitable claim to enforce the terms of the parties' agreement through specific performance and, if necessary, consider the Lykkens's request for reformation of the agreement.

I

[¶2]   Ordahl and the Lykkens executed a purchase agreement for the sale of 12 acres of land and an easement on adjacent property to the north of the parcel. Under the terms of the purchase agreement, Ordahl was required to provide a $10,000 earnest money payment.

[¶3]   After the purchase agreement was signed, the Lykkens anticipatorily breached the agreement. Ordahl brought suit seeking a declaratory judgment declaring that Ordahl's relief was not limited to the return of its earnest money. Ordahl claimed it was not required to terminate the parties' agreement and was entitled to enforce the terms of the agreement through the equitable doctrine of specific performance. The Lykkens counterclaimed seeking reformation of the purchase agreement.

[¶4]   Both parties moved for summary judgment. The district court focused on the interpretation of Section 12 of the parties' agreement which provides as follows:

> 12. <u>Remedies</u>. If Buyer defaults under this Agreement, Seller shall have the right to terminate this Agreement by giving written notice thereof to Buyer. If Buyer fails to cure such default within thirty (30) days after notice of cancellation, then this Agreement

1

will terminate, and upon such termination Seller will be entitled to receive and retain the Earnest Money as liquidated damages, as its sole and exclusive remedy and Buyer expressly waives and releases any and all claims for incidental or consequential damages, time being of the essence of this Agreement. *If Seller defaults under this Agreement, Buyer may terminate this Agreement and recover the Earnest Money as its sole and exclusive remedy and Buyer expressly waives and releases any and all claims for incidental or consequential damages.*

(Emphasis added.) The court found the phrase "sole and exclusive remedy" to be unambiguous and held Ordahl was limited to termination of the agreement and the recovery of its earnest money. The court granted the Lykkens's motion for summary judgment and dismissed Ordahl's claims. Having dismissed Ordahl's claims it was unnecessary for the court to resolve the Lykkens's counterclaim for reformation.

II

[¶5]   The standard for reviewing summary judgment is well established:

Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide.

> A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Solberg v. McKennett*, 2021 ND 44, ¶ 6, 956 N.W.2d 767 (quoting *Aftem Lake Dev., Inc. v. Riverview Homeowners Ass'n*, 2020 ND 26, ¶ 8, 938 N.W.2d 159).

[¶6]   "Interpretation of a contract is a question of law if the intent of the parties can be ascertained from the agreement alone." *Airport Inn Enters., Inc. v. Ramage*, 2004 ND 92, ¶ 10, 679 N.W.2d 269. A trial court's finding regarding the legal effect of terms of a contract is a question of law, which is fully reviewable on appeal. *Northstar Founders, LLC v. Hayden Capital USA, LLC*, 2014 ND 200, ¶ 45, 855 N.W.2d 614. "On appeal, this Court will independently review a contract to determine whether the district court erred in its interpretation of it." *Airport Inn*, at ¶ 10. "We construe contracts to give effect to the parties' mutual intent at the time the contract was formed." *Northstar*, at ¶ 45. If possible, we will look to the language of the contract alone to determine the parties' intent. N.D.C.C. § 9-07-04. Words are given their ordinary and popular meaning unless the words are used in a technical sense or given a special meaning. *Myaer v. Nodak Mut. Ins. Co.*, 2012 ND 21, ¶ 10, 812 N.W.2d 345. When interpreting a contract, we will read the contract as a whole to give effect to each provision. N.D.C.C. § 9-07-06. Whether a contract is ambiguous is a question of law. *Northstar*, at ¶ 47.

[¶7]   We conclude the purchase agreement is clear and unambiguous. The relevant clause of Section 12 provides: "If Seller defaults under this Agreement, Buyer may terminate this Agreement and recover the Earnest Money as its sole and exclusive remedy and Buyer expressly waives and releases any and all claims for incidental or consequential damages." The plain meaning of the terms within Section 12 provide as follows: 1) in the event of a breach by the Lykkens, Ordahl <u>may</u> choose to terminate the contract, and 2) if Ordahl chooses to terminate the agreement, Ordahl's relief is limited to a recovery of its earnest money.

[¶8]   The district court found no ambiguity in the purchase agreement, but concluded the purchase agreement required Ordahl to terminate the agreement and limited Ordahl to the return of its earnest money. The court

3

further found the agreement precluded Ordahl from pursuing the equitable action of specific performance, summarizing as follows: "Ordahl may walk away from the agreement with or without the recovery of the earnest money."

[¶9]   While we agree the purchase agreement is unambiguous, we conclude the district court's interpretation of Section 12 is incorrect. The court ignored the first clause of the provision which provides Ordahl with the option to terminate the agreement and, instead, found the phrase "sole and exclusive remedy" to be determinative, limiting Ordahl to a return of the earnest money. While the phrase "sole and exclusive remedy" is intended to limit Ordahl's recovery if Ordahl were to choose to terminate the agreement, we interpret contracts as a whole to give effect to each provision. N.D.C.C. § 9-07-06. As discussed in the following paragraph, giving effect to each provision provides Ordahl with the choice of whether or not the contract is terminated, followed by the limitation of the post-termination remedy if termination is chosen by Ordahl.

[¶10] Before the phrase "sole and exclusive remedy" is the phrase "may terminate." The words "may" and "terminate" in the clause are essential to the interpretation of Section 12. The district court found "[t]he term 'may' does not alter the remaining provisions of the Purchase Agreement" or allow Ordahl the option not to terminate the agreement. This is contrary to the plain meaning of the language. "The word 'may' is, when used in its ordinary meaning, permissive rather than compulsory." *Harding v. City of Dickinson*, 33 N.W.2d 626, 632 (N.D. 1948). We have held that the use of the word "may" in a statutory scheme is ordinarily understood as permissive rather than mandatory. *Midthun v. N.D. Workforce Safety & Ins.*, 2009 ND 22, ¶ 12, 761 N.W.2d 572 (quoting *In re Adoption of K.S.H.*, 442 N.W.2d 417, 420 (N.D. 1989)). We will only construe the word "may" as "must" where the context of the subject matter compels that construction. *Id.* at ¶ 13. The context here does not compel the construction of "may" as mandatory. Giving words their ordinary and popular meaning, we conclude the term "may" is permissive in this instance. *Myaer*, 2012 ND 21, ¶ 10. Ordahl may choose to terminate the purchase agreement or Ordahl may choose not to terminate the purchase agreement.

4

[¶11] The district court's interpretation was premised on the assumption that Ordahl's only option was to terminate the contract, seek a legal remedy as provided in the contract, and that specific performance is precluded because it is a remedy imposed following the termination of an agreement. We disagree. Our case law provides that specific performance is used to compel the performance of the obligations under the agreement, not a remedy following an early termination of an agreement.

[¶12] In *Jonmil, Inc. v. McMerty*, 265 N.W.2d 257, 261 (N.D. 1978) we recognized the plaintiff could not both "cancel the contract and at the same time sue for its specific performance." We have also recognized the following with regard to specific performance:

> [1] Specific performance is an equitable action, the purpose of which is to compel parties to agreements to perform what they have contracted to do. 81 C.J.S. Specific Performance § 1b, p. 408.

> [2] The remedy of specific performance is purely equitable, and is available to a party who is injured or damaged by a breach of an agreement or contract. Though it is an equitable action, it is available to enforce agreements even though the injured party may have a legal remedy for damages, because in many cases an action for damages would not afford adequate relief. In such cases, equity permits the specific performance of the agreement of the parties on the theory that the most just termination of any contract is its complete performance by all parties in accordance with its terms. When parties enter into an agreement, each expects to receive certain benefits therefrom, and they never can be fully compensated unless such parties perform in accordance with the terms and provisions of their agreement.

*Larson v. Larson*, 129 N.W.2d 566, 567 (N.D. 1964). Recently, we recognized that specific performance was an equitable action "available to enforce agreements . . . ." *Dale Expl., LLC v. Hiepler*, 2018 ND 271, ¶ 9, 920 N.W.2d 750 (quoting *Larson*, at 567). We have also noted "[s]pecific performance would

require the parties to perform their respective contractual promises." *Huber v. Oliver Cty.*, 529 N.W.2d 179, 183 (N.D. 1995) (citing 71 Am.Jur.2d. *Specific Performance* § 211 (1973)).

[¶13] Because specific performance requires parties to perform their contractual promises, specific performance is inconsistent with termination of the agreement. *See* RESTATEMENT (SECOND) OF CONTRACTS § 378 cmt. d (1981) ("The remedy of specific performance or an injunction and that of restitution are also inconsistent."). *See also* 18 Wash. Prac., *Real Estate* § 21.26 (2d ed.) (2022) ("Forfeiture and specific performance are totally inconsistent remedies, one supposing the contract to be terminated and the other supposing it to be subsisting."). *See also* 28A C.J.S. *Election of Remedies* § 15 (2022) ("As a general rule, a remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, or rescission[.]"). Other courts have similarly held specific performance is distinct from termination of the agreement. In reviewing a claim for specific performance, the Eastern Division of the United States District Court of Illinois noted "[t]ermination, like rescission, extinguishes the parties' remaining obligations, such that there is nothing to perform, making specific performance entirely inconsistent with the self-help termination remedy under the contract." 12 *Corbin on Contracts* § 66.9 (2022) (quoting *Lone Star-Cardinal Motorcycle Ventures VIII, LLC v. BFC Worldwide Holdings, Inc.*, 2016 WL 3671504, *3 (N.D. Ill. 2016)).

[¶14] By seeking specific performance, Ordahl chose not to terminate the contract, an option consistent with the phrase "may terminate." Therefore, the district court's finding that under the contract Ordahl's only option was to terminate the agreement was incorrect. The court's interpretation would render meaningless the phrase "may terminate" and require Ordahl, upon a breach by the Lykkens, to terminate the agreement and recover its earnest money. The court's interpretation modifies the phrase from the permissive "may terminate" to the mandatory "shall terminate." When reading the entire phrase as a whole, it is clear Ordahl has the option to terminate the parties' agreement and, if the agreement is terminated, Ordahl's legal remedy would only be limited to return of its earnest money. Alternatively, Ordahl has the

option not to terminate the purchase agreement and may instead seek specific enforcement of the agreement. The court's interpretation fails to recognize that specific performance is an equitable remedy enforcing the terms of an agreement, not a remedy following the termination of an agreement. We further note that specific performance is not an absolute right, but is an equitable remedy, and the district court will need to follow equitable principles to determine if it is appropriate in this case. *Wolf v. Anderson*, 334 N.W.2d 212, 215 (N.D. 1983).

## III

[¶15] We conclude the unambiguous language of the purchase agreement allowed Ordahl the option to terminate the purchase agreement upon breach by the Lykkens with the sole and exclusive legal remedy of a return of its earnest money. However, Ordahl chose not to terminate the agreement and instead sought the equitable relief of specific performance to enforce the parties' obligations under the terms of the agreement. We reverse the district court's grant of summary judgment in favor of the Lykkens, reverse the finding that Ordahl is limited to return of its earnest money, and remand for findings on whether Ordahl is entitled to specific performance and, if necessary, consideration of the Lykkens's reformation claims.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte