# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 128

Cameron Mickelson and Danielle Mickelson,         Plaintiffs and Appellants

      v.

City of Rolla,                                                                   Defendant and Appellee

## No. 20230009

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Rachael S. Mickelson Hendrickson, Rolla, N.D., for plaintiffs and appellants.

Howard D. Swanson, Grand Forks, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1] Cameron and Danielle Mickelson appeal from a district court order granting summary judgment to the City of Rolla and the subsequently entered judgment. Their attorney, Rachael Mickelson Hendrickson, requested records from the City under the state's open records statute, N.D.C.C. § 44-04-18. The City argues that the district court properly granted summary judgment because, among other things, the Mickelsons failed to give the City notice under N.D.C.C. § 44-04-21.2(3). We affirm.

I

[¶2] The standard of review for summary judgment is well established:

> Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Solberg v. McKennett*, 2021 ND 44, ¶ 6, 956 N.W.2d 767 (quoting *Aftem Lake Developments, Inc. v. Riverview Homeowners Ass'n*, 2020 ND 26, ¶ 8, 938 N.W.2d 159).

[¶3]   This Court has also explained its method for interpreting statutes:

> Statutory interpretation is a question of law, which is fully reviewable on appeal. The primary purpose of statutory interpretation is to determine the intention of the legislation. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. If the language of a statute is clear and unambiguous, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute.

*Johnson v. Menard*, Inc., 2021 ND 19, ¶ 16, 955 N.W.2d 27 (citation omitted). Whether an appellant satisfied a statutory notice requirement is a question of statutory interpretation. *Laufer v. Doe*, 2020 ND 159, ¶¶ 15-20, 946 N.W.2d 707.

## II

[¶4]   The district court found that the Mickelsons did not establish that they complied with the notice requirement in N.D.C.C. § 44-04-21.2(3). Hendrickson requested the documents from the City under N.D.C.C. § 44-04-18(2). If an entity violates section 44-04-18, "[a]n interested person or entity may not file a civil action under this section seeking attorney's fees or damages, or both, until at least three working days after providing notice of the alleged violation to the chief administrative officer for the public entity." N.D.C.C. § 44-04-21.2(3).

[¶5]   The plain language of N.D.C.C. § 44-04-21.2(3) has four requirements before a party may sue: (1) the person must provide notice, (2) of an alleged violation, (3) to the public entity's chief administrative officer, and (4) at least three working days must have passed since the first three elements were all satisfied. Both parties agree that Rolla's mayor is the chief administrative officer for the City.

2

[¶6]   A document intended to provide notice under a statute or rule must clearly state the fact or allegation of which the document is giving notice. The only content required by N.D.C.C. § 44-04-21.2(3) is that the notice provided must contain "notice of the alleged violation." Other similar statutory notice provisions provide greater specificity as to the required content. *See* N.D.C.C. § 32-12.2-04 (describing requirements for a notice of a claim against the state for an injury). Here we have only the ordinary meaning of this simple provision. The ordinary meaning of "violation" is a breach of the law. *Black's Law Dictionary* 1881 (11th ed. 2019). A violation is "alleged" when it is "[a]sserted to be true as described." *Black's Law Dictionary* 94 (11th ed. 2019). The term "notice" carries several different meanings depending on the context. Because this statute requires notice be provided to the public entity's chief administrative officer, we read the statute as referring to actual notice or express notice. *Black's Law Dictionary* 1277 (11th ed. 2019) ("actual notice. (18c) 1. Notice given directly to, or received personally by, a party. — Also termed *express notice*.").

[¶7]   Considering the plain meaning of this language in the context of the open records statutes, we conclude that to "provide notice of the alleged violation," the notice must describe, paraphrase, or cite to the statutory requirement alleged to have been violated and generally describe the facts alleged to constitute the violation. A document does not comply with this notice statute simply because a party could infer the fact or allegation of which notice must be provided. *Cf. Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950) (stating where notice is required by the Due Process Clause, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it").

[¶8]   Here, the Mickelsons argue that they complied with the notice statute on the basis of two exhibits in the record and because Hendrickson notified Rolla's mayor of the violation at a December 14, 2021 Public Works Committee meeting and at a December 15, 2021 Regular Council meeting. The first exhibit is an "Outline of Ordinances" that Hendrickson gave to the mayor of Rolla at the two meetings, and the second is a letter dated December 16, 2021, written by Hendrickson and sent to the Attorney General. The mayor received a copy of the letter from the Attorney General.

3

[¶9] Neither document gave the City notice of an alleged violation. The outline of ordinances simply informs the City that certain records had been requested but nothing had been received in response. The outline alleges some delay in response, but it does not contain any statement alleging a "violation" of any statute or rule and does not state it is to provide notice of anything. The letter to the Attorney General states: "I am requesting an opinion under N.D.C.C. § 44-04-21.1 on behalf of my clients Cameron and Danielle Mickelson as to whether the City of Rolla violated N.D.C.C. § 44-04-18 by failing to respond to a record request within a reasonable time." This sentence does not allege that a violation occurred. Rather, it merely requests the Attorney General's office to determine whether the City violated the open records statute; therefore, it is insufficient notice under N.D.C.C. § 44-04-21.2(3). Because we conclude the letter was not sufficient to provide notice of an alleged violation, we do not decide whether the Mickelsons established that they provided the letter to Rolla's mayor by sending it to the Attorney General's office, which forwarded it to the mayor on its own initiative.

[¶10] Finally, the Mickelsons failed to meet their burden to demonstrate that they provided sufficient notice at either the Public Works Committee meeting or the Regular Council meeting. The minutes of the council meeting do not mention that the Mickelsons or Hendrickson alleged at the meeting that the City had violated N.D.C.C. § 44-04-18(2). Nor have the Mickelsons cited to any evidence in the record demonstrating sufficient notice was provided at either meeting. They failed to "draw the court's attention to relevant evidence in the record raising an issue of material fact." *McKennett,* 2021 ND 44, ¶ 6.

III

[¶11] The district court properly granted summary judgment to the City. We affirm.

[¶12] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr